UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| TYRONE COLEMAN, | ) |  |
|---|---|---|
|  | ) |  |
| Petitioner, | ) |  |
|  | ) |  |
| v. | ) | Case No. 4:13-cv-02324-JCH |
|  | ) |  |
| IAN WALLACE, | ) |  |
|  | ) |  |
| Respondent. | ) |  |

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner Tyrone Coleman's *pro se* Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody. (Petition, ECF No. 1.) The Government has filed a Response (ECF No. 10), and the Petition is ready for disposition.

## BACKGROUND

On January 30, 2009, a jury in the Circuit Court of St. Louis City found Petitioner guilty of statutory rape in the first degree, forcible rape, incest, and statutory sodomy in the first degree. On March 19, 2010, the trial court sentenced Petitioner to twenty-five years in prison. On February 23, 2010, the Missouri Court of Appeals upheld Petitioner's conviction on direct appeal. On May 18, 2010, Petitioner moved for post-conviction relief pursuant to Missouri Supreme Court Rule 29.15, which was denied. The Missouri Court of Appeals affirmed the denial of post-conviction relief, and the Mandate was issued on December 13, 2012. (Petition at 1; Resp. Exs. B, E, G, J.)

1

Petitioner is incarcerated at the Southeast Correctional Center in Charleston Missouri. In the instant section 2254 Petition, he raises as grounds for relief several claims of trial court error and prosecutorial misconduct. (Petitioner at 13-15.)

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 requires a state prisoner seeking federal habeas corpus relief to file a section 2254 petition within one year after his state conviction becomes final. *See* 28 U.S.C. § 2244(d). The one-year period begins to run on "the date on which the judgment became final," but it does not include "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." *Id.* Thus, the one-year period is tolled during the pendency of a properly filed state petition for post-conviction relief. *See Curtiss v. Mount Pleasant Corr. Facility*, 338 F.3d 851, 853 (8th Cir. 2003).

Upon review of the record, the Court concludes that Petitioner failed to timely file his federal habeas petition. Petitioner's conviction became final on March 10, 2010. *See Gonzales v. Thaler*, 132 S. Ct. 641, 653-54 (2012) (if state prisoner does not seek certiorari on direct review, direct review concludes when time limit for seeking further review expires); *see also* Mo. S. Ct. R. 84.17 (motion for rehearing or transfer must be filed within 15 days after court files opinion). The one-year limitation period was tolled, however, during the pendency of Petitioner's post-conviction proceedings, from May 18, 2010 until December 13, 2012. Totaling the 69 days between March 10, 2010 and May 18, 2010, and the 334 days between December 13,

Petitioner is incarcerated at the Southeast Correctional Center in Charleston Missouri. In the instant section 2254 Petition, he raises as grounds for relief several claims of trial court error and prosecutorial misconduct. (Petitioner at 13-15.)

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 requires a state prisoner seeking federal habeas corpus relief to file a section 2254 petition within one year after his state conviction becomes final. *See* 28 U.S.C. § 2244(d). The one-year period begins to run on "the date on which the judgment became final," but it does not include "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." *Id.* Thus, the one-year period is tolled during the pendency of a properly filed state petition for post-conviction relief. *See Curtiss v. Mount Pleasant Corr. Facility*, 338 F.3d 851, 853 (8th Cir. 2003).

Upon review of the record, the Court concludes that Petitioner failed to timely file his federal habeas petition. Petitioner's conviction became final on March 10, 2010. *See Gonzales v. Thaler*, 132 S. Ct. 641, 653-54 (2012) (if state prisoner does not seek certiorari on direct review, direct review concludes when time limit for seeking further review expires); *see also* Mo. S. Ct. R. 84.17 (motion for rehearing or transfer must be filed within 15 days after court files opinion). The one-year limitation period was tolled, however, during the pendency of Petitioner's post-conviction proceedings, from May 18, 2010 until December 13, 2012. Totaling the 69 days between March 10, 2010 and May 18, 2010, and the 334 days between December 13,

2012 and the Petition's postmark date of November 12, 2013, 403 days had elapsed as of the date the Petition was placed in the prison mailbox.[1]

Petitioner contends that he is nevertheless entitled to equitable tolling because the delay in filing his Petition "was caused by [his] inability to obtain a trial transcript in a timely manner." Petitioner attributes his delayed filing to the "gross misconduct" of his state post-conviction counsel, who he alleges "failed to release [his] trial transcript" upon request and "err[ed] in calculating the tolling period." (ECF No. 16 at 11-15.)

The one-year limitation period set forth in section 2244(d) is subject to equitable tolling in appropriate cases. *See Holland v. Florida*, 560 U.S. 631, 645 (2010). "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* at 649 (quotation and citation omitted). However, "equitable tolling affords the otherwise time-barred petitioner an exceedingly narrow window of relief," *see Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001), and the Eighth Circuit has held that "[i]neffective assistance of counsel generally does not warrant equitable tolling," *Beery v. Ault*, 312 F.3d 948, 951 (8th Cir. 2002).

The Court concludes that Petitioner's allegations regarding his post-conviction counsel's failure to release his transcript and miscalculation of the tolling period do not present extraordinary circumstances that justify equitable tolling. *See Jihad*, 267 F.3d at 806 ("lack of access to a trial transcript does not preclude a petitioner from commencing post-conviction proceedings and therefore does not warrant equitable tolling"); *Gassler v. Bruton*, 225 F.3d 492, 495 (8th Cir. 2001) ("[W]e understand petitioner's desire to have a transcript before filing for

---

[1] Under the prison mailbox rule, a document filed by a *pro se* prisoner is "filed" at the time the prisoner delivers the document to prison authorities for forwarding. *See Houston v. Lack*, 487 U.S. 266, 276 (1988).

post-conviction relief. Possession of a transcript, however, is not a condition precedent to the filing of such proceedings."); *cf. Sellers v. Burt*, 168 Fed. Appx. 132, 133 (8th Cir. 2006) (unpublished per curiam) (rejecting petitioner's argument that the limitation period should be tolled "because his state post-conviction attorney failed to communicate with him and did not send his case file"); *Greene v. Washington*, 14 Fed. Appx. 736, 737 (8th Cir. 2001) (unpublished per curiam) (rejecting equitable tolling argument based on alleged mistake by post-conviction attorney regarding filing deadline). Petitioner argues that the Ninth Circuit's holding in *Spitsyn v. Moore*, 345 F.3d 796 (9th Cir. 2003), is "particularly instructive." (ECF No. 16 at 14.) However, the Court finds *Spitsyn* factually distinguishable. The petitioner in *Spitsyn* hired and retained an attorney to file his federal habeas a full year before the filing deadline, and despite numerous requests by the petitioner, the attorney completely failing to file the petition and did not return petitioner's legal file until after the limitation period had expired. *See Spitsyn*, 345 F.3d at 800-01 (citing *Baldayaque v. United States*, 338 F.3d 145, 152 (2d Cir. 2003) ("In spite of being specifically directed by his client's representatives to file a '2255,' [petitioner's attorney] failed to file such a petition at all. By refusing to do what was requested by his client on such a fundamental matter, [petitioner's attorney] violated a basic duty of an attorney to his client.")).

Furthermore, Petitioner repeatedly states in his Petition that he received his trial transcript on September 26, 2013. (Petition at 13, 24, 25.) To be timely, the instant Petition had to be filed on or before October 7, 2013. Therefore, to the extent Petitioner alleges that he did not have a copy of his trial transcript at the time of the filing deadline, his allegation is refuted by his own admissions in his Petition.

4

For the foregoing reasons, the Court concludes that Petitioner did not timely file his section 2254 Petition, and that the Petition must be dismissed.

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner Tyrone Coleman's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (ECF No. 1) is **DENIED**, and that his claims are **DISMISSED** with prejudice. A separate Order of Dismissal will accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that because Petitioner cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997).

Dated this 19th Day of April, 2016.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE